The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following question: Is a person eligible to be a member of the board of a rural water district if he has a benefit unit located in a building which he owns within the district and he does not own the land on which the building is located? 82 O.S. 1302 [82-1302] (1971) sets out the definitions used in this act creating a rural water district. Rural residents are defined by Section (d) to mean: "any natural person, firm, partnership, association, corporation, business, trust, federal agency, state agency, state or political subdivision thereof, municipality of 5,000 or less; or any other legal entity owning or having an interest in lands within the rural area located within the boundaries of the district." Rural area is defined by Section (e) to mean: "any area lying outside the corporate limits of any municipal corporation and includes any area of open country unincorporated communities and within the consent of the governing body thereof by ordinance duly adopted may include the area within a corporate limit of any municipality having a population of less than 5,000 persons according to the last census when said municipality is one of the petitioners for creation of a district or annexation of additional territory as provided by 82 O.S. 1312 [82-1312]; provided further that when a water or sewer district is totally within the municipal city limits of a city with 6,000 population or less the Board of Directors of the sewer or water district shall be the Governing Body of the town. Provided further that when the city or town with a population of 5,000 or less is a party to a water or sewer district, the Board of Directors must be composed of residents of said city or town in direct proportion to number of users in said city or town." (g) "participating member" means any rural resident who has subscribed to one or more benefit units. 82 O.S. 1307 [82-1307] (1971) sets out the procedure for selecting the Board of Directors and the establishment of the by-laws. "Immediately following the incorporation of the district by the Board of County Commissioners, there shall be a special meeting of the owners of land within any such district to select from their number a board of directors and to adopt by-laws for governing and administering the laws of the district. The number of members of said board shall not exceed nine (9), shall be determined by a majority vote of those owners of land present; provided, any original director who shall fail to subscribe to one or more benefit units and pay the established unit fee for each unit to which he subscribes within thirty (30) days after entry in the minutes of the board of a declaration of availability of such benefit units for subscription shall forfeit his office. Those owners of land present at such special meeting may adopt and amend any such proposed by-laws and may propose or adopt additional or other by-laws." It is, therefore, the opinion of the Attorney General that any resident of a rural area, as those terms are defined by 82 O.S. 1302 [82-1302](d) and 82 O.S. 1302 [82-1302] [82-1302](e) (1971), is eligible to participate in a rural water district encompassing land which the resident owns or in which the resident has an interest. Whether a specific individual has sufficient interest in land embraced within the water district and is otherwise qualified to serve on the board of a rural water district is a question of fact to be determined by the by-laws of the district and the circumstances. (VICTOR G. HILL, JR.) (ksg)